UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DINELL MAURICE COPELAND,<br>    Plaintiff, | Case No. 1:22-cv-129 |
| vs. | Cole, J.<br>Gentry, M.J. |
| BRENDAN KELLY, *et al.*,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, a prisoner at the Butler County Jail, has filed a pro se civil rights complaint in this Court against defendants Brendan Kelly and the Butler County Jail. (*See* Doc. 3 at PageID 64). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

---
[1] Formerly 28 U.S.C. § 1915(d).

\* \* \*

(B) the action or appeal—

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint

must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

In the complaint, plaintiff alleges that he was assaulted by defendant correctional officer Brendan Kelly on February 11, 2022. (Doc. 3 at PageID 65). Plaintiff alleges that after Kelly became angry with inmates taking their time in returning to their cells, Kelly began to threaten inmates with physical harm and vulgar insults. Kelly allegedly continued to yell at the inmates after they returned to their cells, and the inmates continued to yell at him. After plaintiff told Kelly to "go home," Kelly entered his cell and began to attack him. Plaintiff claims that he was subsequently tased and handcuffed. Plaintiff alleges that Kelly struck him multiple times in the face and "split me in the middle of my eyes." (*Id.*). Plaintiff claims he suffered a deep laceration and knot that required medical attention and resulted in a noticeable scar on his face. (*Id.* at PageID 65–66). He claims that the attack left him with PTSD (post-traumatic stress disorder) and fear of law enforcement. (*Id.* at PageID 66). Finally, he claims that he was placed in solitary confinement

(i.e., "in the hole") as a punishment and was unable to see his family or file a grievance during that time. (*Id.*)

Plaintiff seeks monetary damages as relief. (*Id.* at PageID 66).

The Court construes Plaintiff's allegations as asserting a Section 1983 excessive force claim under the Eighth Amendment to the United States Constitution. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010). At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his excessive force claim against defendant Kelly in his individual capacity only. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (holding that state officials can be sued under Section 1983 in their individual capacities). The plaintiff may not sue defendant Kelly in his official capacity because he has not asserted a cognizable claim against defendant Kelly's employer, as explained below. *Id*. (holding that "[b]ecause the real party in interest in an official-capacity suit is the governmental entity and not the named official, 'the entity's 'policy or custom' must have played a part in the violation of federal law.'"). Plaintiff does not appear to be asserting any additional claims.

The complaint should be dismissed against the Butler County Jail. Section 1983 of Title 42 of the U.S. Code provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. A correctional facility is not a "person" subject to suit under 42 U.S.C. § 1983. *See Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983). *See, e.g.*, *Aladimi v. Hamilton Cnty. Justice Center*, No. 1:09-cv-398, 2012 WL 292587, at *7 (S.D. Ohio Feb. 1, 2012) (finding that the Hamilton County Justice Center was not a person subject to suit), *adopted,* 2020 WL 529585

4

(S.D. Ohio Feb. 17, 2012). Even if the Court liberally construed the complaint as being brought against Butler County, plaintiff fails to state a claim upon which relief may be granted because he does not allege that his constitutional rights were violated pursuant to a custom or policy of the county. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Therefore, the Butler County Jail should be dismissed as a defendant to this action.

Accordingly, in sum, plaintiff may proceed with his Eighth Amendment excessive force claim against defendant Brendan Kelly in his individual capacity. Having found that plaintiff has failed to state a claim upon which relief may be granted against the Butler County Jail, it is recommended that the complaint be dismissed against this defendant. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

Plaintiff has failed to provide a summons and U.S. Marshal form for service. It is therefore **ORDERED** that plaintiff, **within thirty (30) days** of the date of this Order, submit a completed summons and U.S. Marshal form for service on defendant Brendan Kelly. Once the Court receives the summons and United States Marshal forms, the Court will order service of process by the United States Marshal.

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice against defendant Butler County Jail pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff shall be permitted to proceed with his Eighth Amendment excessive force claim against defendant Brendan Kelly in his individual capacity.

2. Plaintiff, **within thirty (30) days** of the date of this Order, submit a completed summons and U.S. Marshal form for service on defendant Brendan Kelly. Once the Court receives the summons and United States Marshal forms, the Court will order service of process by the United States Marshal.

Date: May 2, 2022                  */s/ Caroline H. Gentry*
                                                                       Caroline H. Gentry
                                                                       United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).