IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| DINELL MAURICE COPELAND, | : | Case No. 1:22-cv-00129 |
| Plaintiff, | : | |
| | : | District Judge Douglas R. Cole |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| BRENDAN KELLY, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff is an Ohio inmate proceeding *in forma pauperis* and without the assistance of counsel. The undersigned previously recommended that the Court dismiss all claims asserted against Defendant Butler County Jail and allow one claim asserted against Defendant Brendan Kelly to proceed. (ECF No. 4.)

Defendant Kelly was served with the complaint in this matter on July 22, 2022 (ECF No. 9) but did not answer or otherwise respond to the complaint. Plaintiff was therefore required to request an entry of default from the Clerk of Courts. Fed. R. Civ. P. 55(a); S.D. Ohio Civ. R. 55.1(a). When Plaintiff did not do so, the Court ordered that he show cause, no later than January 26, 2023, why his claims against Defendant Kelly should not be dismissed for failure to prosecute. (ECF No. 11.)

Plaintiff failed to comply with this Order. However, the Court subsequently noted that, due to Plaintiff's apparent failure to notify the Court of a change in address, he had

1

not received that Order. (ECF No. 12.) The Court therefore afforded Plaintiff "**one last opportunity**" to show cause why his claim against Defendant Kelly should not be dismissed. (ECF No. 13, PageID 103 (emphasis in original).) The Court's Order explicitly warned that "**[f]ailure to comply . . . will result in a Recommendation that the District Judge dismiss this case for failure to prosecute**." (*Id*. (emphasis in original).) The second Order to Show Cause was likewise returned undelivered (ECF No. 14) and the May 5 deadline that it established has now passed.

District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Though Plaintiff is proceeding *pro se*, the Supreme Court "[has] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Here, Plaintiff's claims against Defendant Kelly should be dismissed for three reasons: 1) Plaintiff failed to request an entry of default from the Clerk; 2) Plaintiff failed to update his address with the Court; and 3) Plaintiff failed to obey an order of this Court. Each of these deficiencies constitutes a failure to prosecute and independently warrants dismissal. *See Bonanno v. Virginia*, 2023 U.S. App. LEXIS 6768 (6th Cir. 2023) (failure to request entry of default); *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (failure to update address); *Jourdan v. Jabe*, 951 F.2d 108, 109–10 (6th Cir. 1991) (repeated failure to abide by deadlines set by the Court).

Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's claims against Defendant Kelly be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO RECOMMENDED**.

       /s/ Caroline H. Gentry
       Caroline H. Gentry
       United States Magistrate Judge

Procedure on Objections

If any party objects to this Report and Recommendation (Report), that party may, within fourteen (14) days of the date that this Report was filed, file and serve written objections to specific findings or recommendations along with supporting authority for the objection(s). Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. A District Judge will then make a *de novo* determination of the portions of the report, findings, or recommendations to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, this Court's findings or recommendations, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are advised that a failure to object to the Report will result in a waiver of a party's right (1) to have the District Judge review the Report *de novo* and (2) to appeal a decision of the District Court adopting the Report. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).