UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**DINELL MAURICE COPELAND,**

    **Plaintiff,**

  v.

**BRENDAN KELLY,** *et al.*

    **Defendants.**

Case No. 1:22-cv-129

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Gentry

## ORDER

Before the Court is Magistrate Judge Gentry's May 2, 2022, Report and Recommendation (R&R, Doc. 4), which recommends that the Court dismiss with prejudice Plaintiff Dinell Maurice Copeland's claim against Defendant Butler County Jail for failure to state a claim upon which relief may be granted. For the reasons stated more fully below, the Court **ADOPTS** the R&R (Doc. 4) and **DISMISSES** Copeland's claim against Butler County Jail **WITH PREJUDICE**.

Kelly, a corrections officer at Butler County Jail, allegedly assaulted Copeland, an inmate detained at that facility, after Kelly and several inmates exchanged words and insults over the inmates' delay in returning to their cells. (Compl., Doc. 3, #65). On March 9, 2022, the Court docketed Copeland's motion for leave to proceed in forma pauperis (IFP), attached to which was a proposed complaint that raised claims against Kelly and Butler County Jail. (Doc. 1). Under this Court's General Order 22-05, the matter was referred to a Magistrate Judge. On March 23, 2022, the Magistrate Judge granted Copeland IFP status. (Doc. 2).

Then, on May 2, 2022, invoking the Court's authority under 28 U.S.C. §§ 1915(e), 1915A to conduct a sua sponte review of IFP complaints, the Magistrate Judge issued her R&R. (Doc. 4, #68). She first construed Copeland's Complaint "as asserting a Section 1983 excessive force claim under the Eighth Amendment to the United States Constitution." (*Id.* at #71). Based on this construction of Copeland's Complaint, she concluded that Copeland could proceed with his claim against Kelly in his individual capacity, but that his claim against Butler County Jail failed to state a claim upon which relief may be granted. (*Id.* at #71–72). And the Magistrate Judge ordered Copeland to complete a summons with respect to Kelly. (*Id.* at #73). Copeland completed the summons as requested, (Doc. 5), and his claims against Kelly are currently pending, (*see* Docs. 16, 19). So the Magistrate Judge's recommendation of dismissal of the claim against Butler County Jail is waiting for this Court's review.

The R&R had advised Copeland that failing to object within 14 days could result in a forfeiture of his right to the Court's de novo review of the R&Rs as well as his right to appeal this decision. (Doc. 4, #74). *Thomas v. Arn*, 474 U.S. 140, 152–53 (1985); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting the "fail[ure] to file an[y] objection[s] to the magistrate judge's R&R … [constitutes a] forfeiture" of such objections); 28 U.S.C. § 636(b)(1)(C). Accordingly, Copeland had until May 16, 2022, to object to the R&R. He did not do so.

Although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See*

*also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). Consistent with that charge, the Court has reviewed the R&R and has determined that it does not contain any "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

As the Magistrate Judge explained, 42 U.S.C. § 1983 by its own terms permits suits only against "person[s]." And correctional facilities, such as the Butler County Jail, are not proper persons to be defendants in a § 1983 action. *Polachek v. Roberts*, No. 1:22-cv-742, 2023 WL 6348388, at *2 (S.D. Ohio Sept. 28, 2023) (A jail "is not a legal entity susceptible to suit" and instead is "a department of [the corresponding] County." (cleaned up)). So the Court agrees with the R&R that this the claim fails. And because Copeland cannot fix this claim against this entity with new allegations, the Court also agrees that Butler County Jail should be dismissed with prejudice.[1]

Separately, because Copeland is proceeding IFP, the Court must assess, pursuant to 28 U.S.C. § 1915(a)(3), whether an appeal taken from this Order would be "in good faith." Because Copeland's Complaint plainly fails to state a claim for relief from Butler County Jail, (Doc. 4, #71–72), "any appeal of this decision would

---

[1] The Magistrate Judge also concluded that the claim would fail if the Complaint were construed instead as raising a claim against the Butler County Board of County Commissioners. (Doc. 4, #72); *see also Lovelo v. Clermont Cnty. Sheriff's Off.*, No. 1:23-cv-114, 2023 WL 8828008, at *2 (S.D. Ohio Dec. 21, 2023) (explaining that in Ohio, an unchartered county's board has the capacity to be sued, not the county itself). That is because Copeland had not alleged that his Eighth Amendment rights were violated on account of a county-wide policy or custom. (Doc. 4, #72 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978))). While the Court does not disagree with the Magistrate Judge's statement of the law, nothing in this Order should be understood to resolve or to adjudicate any claims Copeland might have against the Butler County Board of County Commissioners. Copeland did not identify that entity by name in his Complaint, so any claims against it are not properly before the Court. Accordingly, the Court reserves judgment on any such claims for another day if Copeland decides to raise them.

not have an arguable basis either in law or in fact." *Johnson v. DeWine*, No. 1:22-cv-587, 2023 WL 6421286, at *3 (S.D. Ohio Oct. 3, 2023) (cleaned up). The Court therefore certifies that any appeal taken from this Order IFP would not be in good faith.

Accordingly, the Court **ADOPTS** the R&R (Doc. 4) and **DISMISSES** Copeland's claim against Butler County Jail **WITH PREJUDICE**.[2] The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal taken from this Order would not be made in good faith and **DENIES** Copeland leave to appeal in forma pauperis.

**SO ORDERED.**

March 27, 2024
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

---

[2] Because this Order addresses only the claim against Butler County Jail, the proceedings in this case related to Eighth Amendment claim against Kelly will continue apace unaffected.