IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| DINELL MAURICE COPELAND, | : | Case No. 1:22-cv-00129 |
| Plaintiff, | : | |
| | : | District Judge Douglas R. Cole |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| BRENDAN KELLY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER AND REPORT AND RECOMMENDATION**

This matter is before the undersigned Magistrate Judge for a Report and Recommendation on Plaintiff's Motion for Judgment by Default. (Doc. No. 19.) For the reasons set forth below, the undersigned recommends that the Court deny that motion. In addition, the undersigned addresses the failure of service upon Defendant Kelly.

**I. BACKGROUND**

Plaintiff, an Ohio inmate proceeding without the assistance of counsel, filed this action on March 9, 2022, asserting civil rights claims against Defendants Brendan Kelly and the Butler County Jail. (Doc. No. 1.) Following an initial screening of Plaintiff's Complaint (Doc. No. 3) pursuant to 28 U.S.C. §§ 1915 & 1915A, the Court dismissed Plaintiff's claims against the Butler County Jail but permitted Plaintiff to proceed on his Eighth Amendment claim against Defendant Kelly. (Doc. No. 4; Doc. No. 20.)

On June 9, 2022, the undersigned directed the United States Marshals Service to serve Defendant Kelly with the Complaint and summons in this matter. (Doc. No. 6.) The

1

Clerk of Court provided the relevant forms to the Marshals Service (Doc. No. 7), and on July 20, the Marshals Service sent those forms to Defendant Kelly via certified mail (Doc. No. 9, PageID 87). However, because the docket did not reflect return of service, on October 6, the undersigned once again ordered the Marshals Service to effect service on Defendant Kelly. (Doc. No. 8.) Shortly thereafter, the Clerk docketed two entries, both indicating "SUMMONS Returned Executed as to Defendant Brendan Kelly." (Doc. No. 9; Doc. No. 10.)

On the basis of these docket entries, the undersigned concluded that service had been perfected on Defendant Kelly. Therefore, when Plaintiff failed to seek an entry of default pursuant to Fed. R. Civ. P. 55, the undersigned ordered Plaintiff either to seek such an entry or to show cause why this matter should not be dismissed for failure to prosecute. (Doc. No. 11.) Although Plaintiff initially failed to comply with the terms of that Order (*see* Report and Recommendations, Doc. No. 15), the undersigned subsequently extended the relevant deadline (Doc. No. 16; Doc. No. 18), and on November 2, 2023, Plaintiff filed a Motion for Judgment by Default (Doc. No. 19).

## II.     LAW AND ANALYSIS

Fed. R. Civ. P. 55 prescribes a two-step process for obtaining default judgment. As the Court previously advised Plaintiff, the first step in this process is for a plaintiff to seek an *entry* of default from the Clerk of Court. (Doc. No. 11, PageID 96 (citing to Fed. R. Civ. P. 55(a).) After the Clerk has made such an entry, the plaintiff must file a *motion* for default judgment. (*Id*. at PageID 96-97 (citing to Fed. R. Civ. P. 55(b).)

2

Here, Plaintiff skipped the first step. Rather than asking the Clerk for an entry of default, Plaintiff immediately moved for default judgment. (Doc. No. 19.) Plaintiff's motion is therefore premature. *Stitts v. Staples*, No. 97-05415, 1998 U.S. App. LEXIS 17923, at *5 (6th Cir. July 31, 1998). Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Motion for Judgment by Default (Doc. No. 19) be **DENIED**.

Significantly, even if Plaintiff's motion were not premature, it should still be denied. The undersigned previously ordered Plaintiff to seek an entry of default on the belief that Defendant Kelly was in fact served on July 22, 2022. (Doc. No. 11, PageID 96.) Upon further review, the Court now concludes that this belief was unfounded. Despite the Clerk's docket notation, the summons form (Doc. No. 9; Doc. No. 10) that was filed does **not** show that Defendant Kelly was served. Instead, it shows that the summons was "returned to USMS office w[ith] no signature." (Doc. No. 9, PageID 87.)

Ohio Civ. R. 4.1, as made applicable by Fed. R. Civ. P. 4(e), does permit service of process by certified mail. But merely *sending* certified mail does not render service effective. *See TCC Mgmt. v. Clapp*, No. 05AP-42, 2005-Ohio-4357, 2005 WL 2008677, at *2-3 (Ohio 10th Dist. Ct. App. Aug. 23, 2005). Rather, "service of process via certified mail is 'evidenced by return receipt signed by any person.'" *Brownfield v. Krupman*, No. 14AP-294, 2015-Ohio-1966, 2015 WL 2452048, at *4 (Ohio 10th Dist. Ct. App. May 21, 2015) (citing to Ohio Civ. R. 4.1(A) (internal brackets omitted)). Thus, the dispositive question is whether "the record contains a signed return receipt for the envelope delivered that should have contained the summons and complaint." *W2 Properties v. Haboush*, 2011-Ohio-4231, 196 Ohio App.3d 194, 199 (Ohio 1st Dist. Ct. App. 2011).

3

In this case, the record *does not* contain a signed return receipt. To the contrary, it contains a return receipt that is blank. (Doc. No. 9, PageID 90.) This document does not establish service under Ohio law and the United States Constitution. *See, e.g.*, *Pfahler v. Nat'l Latex Prods. Co.*, 517 F.3d 816, 838 (6th Cir. 2007) ("To satisfy due process, service of process must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (internal citation omitted)). Accordingly, as this case now stands, the Court finds that Defendant Kelly has not been served pursuant to Fed. R. Civ. P. 4.

Because more than ninety days have passed since Plaintiff's original complaint was filed in this case, Fed. R. Civ. P. 4(m) applies. That rule provides:

> If a defendant is not served [with a complaint and summons] within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

As a *pro se* prisoner proceeding *in forma pauperis*, Plaintiff is "reliev[ed] . . . of the burden to serve process" and need only take "reasonable steps" to identify the defendant. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). Plaintiff did so by providing Defendant Kelly's full name and place of employment. Thus, "the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time" in this case. *Murray v. Pataki*, 378 F. App'x 50, 52 (2nd Cir. 2010). *Cf. Graham v. Satkowski*, 51 F.3d 710, 713 (7th Cir. 1995) (cited with approval by *Byrd*, 94 F.3d at 219)).

Accordingly, the Court will extend the deadline for service in this matter. However, this case has already been pending for nearly two years, and attempts at service

4

have proved fruitless. It appears that without a current address for Defendant Kelly, a mere extension of time for service would be futile.

Although it is not required to do so, "a district court may undertake measures to discover the identity and address of an unserved defendant." *Mincy v. Hamilton Cnty. Just. Ctr.*, 1:20-CV-00822, 2021 WL 5754729, at *4 (S.D. Ohio Dec. 3, 2021) (Barrett, D.J.) (collecting cases). To accomplish this task, the Court may direct the United States Marshals Service to take reasonable steps to locate Defendant Kelly. *E.g.*, *Johnson v. Chambers-Smith*, 2:22-CV-02455, 2024 WL 41595, at *4-5 (Feb. 5, 2024) (Gentry, M.J.) (collecting cases). Or the Court may order service upon the Butler County Sheriff as the highest-ranking official with authority over the Butler County Jail, and temporarily add him as a party to this action for the limited purposes of discovery. *E.g.*, *English v. Neil*, No. 1:20-CV-00884, 2022 WL 159547, at *7–8 (S.D. Ohio 2022) (Litkovitz, M.J.).

Typically, the Court would employ only one of these methods. However, "[b]ased on the current posture of the case, the Court finds further delays in service would be prejudicial to the parties, this Court, and the interests of the public at large." *Feaster v. Chambers-Smith*, No. 1:22-CV-00453, 2023 WL 6531506, at *1 (S.D. Ohio Oct. 5, 2023) (Silvain, M.J.). Therefore, out of an abundance of caution, the Court will order *both* measures to be taken. Specifically, the Court will direct the U.S. Marshals Service to take reasonable steps to locate Defendant Kelly, and permit Plaintiff to file a supplemental complaint that adds Sheriff Richard K. Jones as a party for the limited purpose of discovering Defendant Kelly's current location.

### III. CONCLUSION

In sum, for the reasons stated, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** Plaintiff's Motion for Judgment by Default (Doc. No. 19).

Furthermore, the undersigned **ORDERS** as follows:

1. The Clerk of Court is **DIRECTED** to provide the United States Marshals Service a summons and copy of the Complaint (Doc. No. 3), as well as a copy of this Order, for service on Defendant Kelly.

2. The United States Marshals Service is **DIRECTED** to take reasonable steps to locate and serve Defendant Kelly within the next **FORTY-FIVE (45) DAYS**. The Marshals Service may comply with the terms of this Order by conducting a public internet search for Defendant Kelly's current address, making reasonable inquiry at Defendant Kelly's former place of employment (i.e., the Butler County Jail), and attempting service pursuant to any information obtained.

    a. If the Marshals Service perfects service upon Defendant Kelly, it shall file proof of service **UNDER SEAL**, and the Clerk of Court shall note in a public entry that service has been effectuated.

    b. If, despite its reasonable efforts, the Marshals Service is unable to perfect service, it shall file the Process Receipt and Return, Form USM-285, and describe in the "Remarks" section of that document the steps that it took to locate and effectuate service on Defendant Kelly.

3. Plaintiff is **GIVEN LEAVE** to add Butler County Sheriff Richard K. Jones as a Defendant in this matter solely for the limited purpose of conducting discovery to determine the current location of Defendant Kelly.

    a. The Clerk of Court is **DIRECTED** to send Plaintiff a blank summons form.

    b. If Plaintiff wishes to proceed against Sheriff Jones as set forth herein, Plaintiff is **ORDERED** to file the following documents no later than **FORTY-FIVE (45) DAYS** from the date of this Order:

        i. A completed summons form for Sheriff Jones; and

        ii. A supplemental complaint pursuant to Fed. R. Civ. P. 15(d) that names Sheriff Jones as a defendant for the limited purpose of conducting discovery to determine Defendant Kelly's location.

    c. If Plaintiff files a summons and supplemental complaint as set forth herein, the Court will promptly order service upon Sheriff Jones by separate Order. If Plaintiff does not wish to proceed against Sheriff Jones as set forth herein, then Plaintiff need take no further action in that regard.

**IT IS SO ORDERED AND RECOMMENDED**.

          */s/ Caroline H. Gentry*
          Caroline H. Gentry
          United States Magistrate Judge

Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within FOURTEEN days after being served with this Order and Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to SEVENTEEN days if this Order and Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order and Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order and Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within FOURTEEN days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn*, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).