UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**DINELL MAURICE COPELAND,**

    **Plaintiff,**

  v.

**BRENDAN KELLY,** *et al.*

    **Defendants.**

Case No. 1:22-cv-129

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Gentry

**OPINION AND ORDER**

Before the Court is Magistrate Judge Gentry's April 4, 2024, Order and Report and Recommendation (R&R, Doc. 21), which recommends that the Court deny Plaintiff Dinell Maurice Copeland's pending Motion for Judgment by Default (Doc. 19). For the reasons stated briefly below, the Court **ADOPTS** the R&R (Doc. 21) and **DENIES** Copeland's Motion (Doc. 19).

This case, despite being on the Court's docket for nearly two years, has not even made it out of the starting gate. On March 9, 2022, Copeland, an inmate formerly located at Butler County Jail, sued Defendant Brendan Kelly, a corrections officer at that facility for allegedly assaulting him after Kelly and several inmates exchanged words and insults over the inmates' delay in returning to their cells. (Compl., Doc. 3, #65). Copeland concurrently moved for leave to proceed in forma pauperis (IFP), (Doc. 1), and the matter was referred to a Magistrate Judge under this Court's General Order 22-05. The Magistrate Judge granted Copeland IFP status on March 23, 2022. (Doc. 2). Then, invoking the Court's authority under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e), 1915A, the Magistrate Judge

conducted a sua sponte review of Copeland's Complaint. (Doc. 4). She concluded that Copeland cleared the PLRA screening hurdle as to his Eighth Amendment claim against Kelly in his individual capacity, and thus allowed him to proceed on that claim.[1] (*Id.* at #71–72). As a result, the Magistrate Judge ordered Copeland to complete a summons with respect to Kelly so that the United States Marshals Service could execute service of process on Copeland's behalf under Federal Rule of Civil Procedure 4(c)(3). (*Id.* at #72–73). Copeland did so. (Doc. 5). But unsurprisingly, given his incarcerated status (along with the security concerns attendant to inmates' having access to prison officials' home addresses), Copeland listed the only address he associated with Kelly—the address for Butler County Jail. (*Id.* at #76). The Marshals Service followed the orders directing it to execute service at the location Copeland listed, (Docs. 6, 8), and did so simply by posting the summons via certified mail, (Doc. 9, #87). The certified mail receipt came back without a signature, but the Marshals Service reported service as having been executed apparently based on the United States Postal Service's tracking history, which stated that the summons was "Left with Individual [sic]." (*Id.* at #87–88).

Then, based on this docket notation that the summons had been executed, the Magistrate Judge assumed that Kelly was properly joined to the suit. So, when Kelly failed to answer or otherwise to plead in response to the Complaint, the Magistrate Judge informed Copeland that he needed to request an entry of default pursuant to

---

[1] The Magistrate Judge also recommended that the Court dismiss with prejudice Copeland's claim against Butler County Jail because his Complaint could not state a claim for relief against that entity. (Doc. 4, #71–72). The Court agreed and adopted this recommendation in a previous Order. (Doc. 20).

Federal Rule of Civil Procedure 55(a) or his case would be dismissed for failure to prosecute. (Doc. 16, #116). Copeland, once in receipt of this order, promptly responded by filing a document purporting to ask for a default judgment. (Doc. 19).

That brings us to the Magistrate Judge's pending April 4, 2024, R&R. In it, she recommends denying Copeland's Motion. (Doc. 21, #135). The Magistrate Judge partly based this recommendation on Copeland's having styled his Motion as a request for entry of default *judgment* (which would be proper only once he had obtained an entry of default under Federal Rule of Civil Procedure 55(a)). (*Id.* at #131–32). But the main reason was due to the Magistrate Judge's determination that Kelly has not been properly served or joined to this suit—through no fault of Copeland. (*Id.* at #132–33 (concluding that Copeland took "reasonable steps" to identify Kelly as the defendant and that the failure of service of process was attributable to the Marshals)). The Magistrate Judge found the service here improper because an unsigned certified mail receipt does not constitute proof that service of process has properly been effectuated under Ohio Civil Rule 4.1 (made applicable to federal courts in Ohio under Federal Rule of Civil Procedure 4(e)). (*Id.* at #132–33). And because this failure of service meant Kelly has not been properly joined as a party to this suit, the Magistrate Judge concluded that neither default nor default judgment can legally be granted. (*See id.* at #132).

In light of this determination, the Magistrate Judge also took steps to remedy the deficiency. In the R&R, she (1) concluded that the Marshals Service's failure to effectuate proper service on Copeland's behalf constituted good cause for an extension

3

of time to effect service under Federal Rule of Civil Procedure 4(m), (*id.* at #133 (quoting *Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010)); (2) ordered the Marshals Service to take additional reasonable steps to locate Kelly, (*id.* at #134–35); and (3) further authorized Copeland to file a supplemental complaint to add the Butler County Sheriff as a defendant solely to conduct discovery to ensure Kelly could be located and served, (*id.* at #134, 136). And finally, the Magistrate Judge ordered that all these actions be completed within 45 days to avoid additional delays. (*Id.* at #135–36).

Accordingly, the Magistrate Judge's recommendation that the Court deny Copeland's pending motion for default judgment is awaiting its review.

The R&R also advised Copeland that failing to object within 17 days could result in a forfeiture of his right to the Court's de novo review of the R&Rs as well as his right to appeal this decision. (Doc. 21, #137 (citing Fed. R. Civ. P. 6(d), 72)). *Thomas v. Arn*, 474 U.S. 140, 152–53 (1985); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting the "fail[ure] to file an[y] objection[s] to the magistrate judge's R&R … [constitutes a] forfeiture" of such objections); 28 U.S.C. § 636(b)(1)(C). Accordingly, Copeland had until April 22, 2024, (April 21, 2024, was a Sunday), to object to the R&R. *See* Fed. R. Civ. P. 6(a)(1)(C). He did not do so. Although no party objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

4

Consistent with that charge, the Court has reviewed the R&R and has determined that it does not contain "clear error on [its] face," Fed. R. Civ. P. 72(b) (advisory committee notes), as to its ultimate recommendation that the Court deny Copeland's Motion. As the Magistrate Judge explained, under Federal Rule of Civil Procedure 4(e)(1), any method for service of process approved by the state in which the district is located suffices for the purposes of joining a defendant to a federal lawsuit. And Ohio permits service of process by certified mail, so long as the delivery is "[e]videnced by [a] return receipt *signed* by any person." Ohio Civ. R. 4.1(A)(1)(a) (emphasis added). Based on the plain language of this rule, the Court agrees with the R&R that the unsigned return receipt in the record falls outside its ambit and that Kelly has not been properly served. So Kelly is not properly considered a party to this suit, thereby barring the Court from exercising authority over him. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). And the Court is without the power to grant any relief to Copeland as against Kelly—entry of default, default judgment, or otherwise. *See Morgeson v. Freeman*, No. 1:23-cv-269, 2024 WL 1406105, at *6 (S.D. Ohio Apr. 2, 2024). In other words, the Court must deny Copeland's Motion for Judgment by Default (Doc. 19) as the Magistrate Judge recommended.[2]

---

[2] The Magistrate Judge is correct that, as Copeland's Motion is styled, he appears to have skipped a step by moving for default judgment, (*see* Doc. 19, #120), rather than first requesting the clerk's entry of default. (Doc. 21, #131–32). That said, the Court has an obligation to construe pro se filings liberally, including as to the relief requested. *Williams v. Parikh*, No. 1:23-cv-167, 2023 WL 8824845, at *11 n.17 (S.D. Ohio Dec. 21, 2023). Furthermore, Copeland's motion includes a declaration that suggests he seeks only an entry of default. (Doc. 19, #123). As a result, the Court believes it would be an error not to construe Copeland's filing as requesting an entry of default under Federal Rule of Civil Procedure 55(a). For that reason, the Court rejects the Magistrate Judge's suggestion that the Court

Separately, because Copeland is proceeding IFP, the Court must assess, pursuant to 28 U.S.C. § 1915(a)(3), whether an appeal taken from this Order would be "in good faith." Considering the Court's lack of personal jurisdiction over Kelly is plain upon a cursory review of the record, "any appeal of this decision would not have an arguable basis either in law or in fact." *Johnson v. DeWine*, No. 1:22-cv-587, 2023 WL 6421286, at *3 (S.D. Ohio Oct. 3, 2023) (cleaned up). The Court therefore certifies that any appeal taken from this Order IFP would not be in good faith.

Altogether, the Court **ADOPTS** the R&R (Doc. 21) and **DENIES** Copeland's Motion for Judgment by Default (Doc. 19). The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal taken from this Order would not be made in good faith and **DENIES** Copeland leave to appeal it in forma pauperis.[3]

**SO ORDERED.**

May 6, 2024
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

---

can deny Copeland's motion solely because it appears he moved for default judgment under Federal Rule of Civil Procedure 55(b) without first securing an entry of default under Federal Rule of Civil Procedure 55(a). The Court's denial here therefore depends solely on the ineffective service, which prevents the Court from exercising its authority to grant Copeland relief from Kelly.

[3] Because no objections were lodged against the Magistrate Judge's orders aimed at ensuring service of process is properly executed this go around, the Court similarly does not disturb those portions of the R&R or the corresponding timeline the Magistrate Judge set.