UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| DINELL MAURICE COPELAND, | : | Case No. 1:22-cv-00129 |
| Plaintiff, | : | |
| | : | District Judge Douglas R. Cole |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| BRENDAN KELLY, *et al.*, | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATION

This civil rights case is before the undersigned Magistrate Judge to consider whether Plaintiff Dinell Maurice Copeland has complied with previous orders. The undersigned finds that he has not and **RECOMMENDS** that the Court **DISMISS** the case for failure to prosecute.

This case began in March 2022. (Doc. No. 1.) In May 2022, the Court allowed Plaintiff (a prisoner) to proceed with a *pro se* claim against Defendant Kelly (a correctional officer) under the Eighth Amendment to the United States Constitution. (Doc. No. 4.) The Court dismissed a claim against Butler County Jail.[1] (Doc. No. 20.)

After some difficulty, Defendant Kelly was served in May 2024 and thereafter filed an Answer. (Doc. Nos. 23, 26.) In July 2024, Plaintiff filed a motion for

---

[1] In April 2024, the undersigned granted Plaintiff leave "to add Butler County Sheriff Richard K. Jones as a Defendant in this matter solely for the limited purpose of conducting discovery to determine the current location of Defendant Kelly." (Doc. No. 21 at PageID 136.) Plaintiff did not take the steps the Court outlined in order to add Sheriff Jones. (*See id.*) Thus, although Sheriff Jones is listed as a party on the docket, he was never formally made a party to the case and shall be **TERMINATED** from the docket.

appointment of counsel, which was denied. (Doc. Nos. 28, 29.) Filing the motion for counsel was the last action Plaintiff took in the case.

In August 2024, Defendant's counsel asked the Court for an informal discovery conference, asserting that Plaintiff had not responded to discovery requests and noting that the discovery deadline (August 30, 2024) was imminent. (Doc. No. 30.) In order to ensure that Plaintiff had received important documents in the case, the Magistrate Judge ordered the Ohio Department of Rehabilitation and Correction ("ODRC") to treat the Court's mail to Plaintiff as legal mail. (Doc. No. 31.) The undersigned also ordered *Defendant* to comply with the ODRC's current legal mail policy when mailing documents to Plaintiff. (*Id*.) Further, in an abundance of caution, the undersigned directed to the Clerk of Court to re-send certain documents to Plaintiff, including the Answer, a scheduling order, the motion for a discovery conference, and other orders. (Doc. No. 32.) Defendant reported that he also re-mailed his discovery requests to Plaintiff. (Doc. No. 33.)

Meanwhile, the discovery deadline in the case expired. (*See* Doc. No. 27.) On October 15, 2024, Defendant asked the Court to extend the deadline for dispositive motions. (Doc. No. 33.) Defendant again asserted that Plaintiff had not responded to any of his four attempts at obtaining written discovery. (*Id*. at PageID 166, 168.)

The undersigned set a videoconference with the parties at this point. (Doc. Nos. 34, 35.) In preparation for this December 16, 2024 conference, the undersigned ordered Plaintiff "to file a written response to this Order that provides two pieces of information." (Doc. No. 34 at PageID 171.)

> First, Plaintiff must tell the Court if he will be asking for additional time to conduct discovery and explain why he needs additional time. Second, Plaintiff must explain his efforts to respond to Defendant's requests for discovery. Plaintiff must file his Response by November 27, 2021. If he does not respond by that date, the undersigned may recommend that the Court dismiss his case for failure to prosecute.

(Doc. No. 34 at PageID 171-172.)

Plaintiff did not respond to this Order. (Doc. No. 34.) He also did not attend the scheduled videoconference. (Doc. No. 35.) The undersigned issued another Order the next day giving him one final opportunity to participate in the case:

> On December 16, 2024, the Court convened a videoconference with the parties to discuss Plaintiff's missing discovery responses and Defendant's related request to modify certain deadlines in the scheduling order. Notice of the time and date of the conference was previously provided to the parties. Defendant's counsel appeared but Plaintiff did not appear. The Court was advised by officials with the London Correctional Institution, where Plaintiff is currently incarcerated, that they were unable to locate Plaintiff to escort him to the videoconference location, and that he did not voluntarily appear.
>
> If Plaintiff had attended the videoconference, then the Court would have asked him why he did not respond to the Court's November 1, 2024 Order, which required him to provide certain written information. (Doc. No. 34.) The Court also would have ordered Plaintiff to provide belated responses to Defendant's discovery requests—which were due in August 2024—by no later than January 6, 2025. Finally, the Court would have modified the scheduling order. Because Plaintiff failed to attend, however, the Court was unable to speak directly to the parties about any of these issues.
>
> Plaintiff's failures to respond to this Court's orders and Defendant's discovery requests constitutes a failure to prosecute this action that justifies its dismissal. "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed … by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *see also Carptenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013).
>
> Accordingly, the Court **ORDERS** that, no later than twenty-one days from

the date this Order is filed, Plaintiff shall provide written responses to Defendant's discovery requests and notify this Court in writing that he has done so, or else show cause, in writing, why this matter should not be dismissed for failure to prosecute. **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER WILL RESULT IN A RECOMMENDATION THAT THE DISTRICT JUDGE DISMISS THIS CASE.**

(Doc. No. 36 at PageID 174-175 (emphasis in original).)

Plaintiff's responses were due on January 7, 2025. As of this writing, no responses have been filed. And as noted above, Plaintiff last participated in this case in July 2024. (Doc. No. 28.) He has taken no steps to advance the case since the Answer was filed (Doc. No. 26) except to ask for counsel. (Doc. No. 28.)

The undersigned has repeatedly warned Plaintiff about the consequences of failing to comply with a court order or to participate in the case. (*See* Doc. Nos. 13, 16, 18, 34, 36.) Despite this, and despite several opportunities to comply, he has entirely stopped participating in the case. The Magistrate Judge therefore **RECOMMENDS** that the District Judge **DISMISS** the case for failure to prosecute.

The undersigned also **RECOMMENDS** that the District Judge **CERTIFY** that an appeal of any order adopting this Report and Recommendation would not be taken in good faith and accordingly **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

The Clerk of Court is **DIRECTED** to terminate Sheriff Jones as a party on the docket. (*See* footnote 1, above.)

Plaintiff may file Objections to these recommendations as discussed in the Notice below. He is reminded that he must keep the Court informed of his current address while

4

this case is pending.

**IT IS SO RECOMMENDED.**

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

**<u>Notice Regarding Objections to this Report and Recommendation</u>**

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy. Fed. R. Civ. P. 72(b). All objections shall specify the portion of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed. A party may respond to another party's objections **within fourteen days** after being served with a copy.

A District Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).