**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**DINELL MAURICE COPELAND,**

    **Plaintiff,**

    v.

**BRENDAN KELLY, et al.,**

    **Defendants.**

Case No. 1:22-cv-129

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Gentry

## ORDER

On January 30, 2025, Magistrate Judge Gentry issued a Report and Recommendation (R&R, Doc. 37), which recommends that the Court dismiss this action for failure to prosecute. For the reasons discussed below, the Court **ADOPTS** the R&R (Doc. 37) and **DISMISSES** this case **WITHOUT PREJUDICE** for lack of prosecution. Fed. R. Civ. P. 41(b).

Plaintiff Dinell Copeland, a prisoner proceeding pro se, initiated this case almost three years ago. In a previous Opinion and Order, the Court recounted the difficulties this case has experienced from the outset, so the Court will not belabor that issue here. (Doc. 22). Suffice to say that, after initially screening Copeland's Complaint under the Prison Litigation Reform Act, the Magistrate Judge recommended that only Copeland's Eighth Amendment claim (as so construed) against Corrections Officer Brendan Kelly in his individual capacity should proceed. (Doc. 4). This Court agreed. (Doc. 20).

But then there were complications in effectuating proper service as to Kelly. The Magistrate Judge originally concluded that Kelly was served by certified mail in October 2022. (*See* Order to Show Cause, Doc. 11; Summonses, Docs. 9, 10). But two years later, she concluded (and the Court agreed) that because the certified mail receipt was unsigned service was not effective. (*See* R&R, Doc. 21, #132–33; Op. & Order, Doc. 22). So the Magistrate Judge ordered Kelly re-served. (Doc. 21, #135). The United States Marshals Service finally served Kelly in early May 2024, (Doc. 23), and he answered on May 23, 2024, (Doc. 26).

That got the ball rolling, sort of. Copeland moved the Court for an order appointing counsel to represent him in early July 2024. (Doc. 28). But the Magistrate Judge denied that motion, finding that this case did not yet present the exceptional circumstances required for the Court to appoint counsel. (Doc. 29).

And with that, the ball stopped rolling. Copeland has not engaged with this case since filing his motion for appointment of counsel. Since then, the discovery deadline expired, (*see* Scheduling Order, Doc. 27), Copeland repeatedly ignored Defendant's discovery requests, (*see* Docs. 30, 33), Copeland neglected to attend an informal discovery conference over videoconference on November 13, 2024, (Notice of Hearing, Doc. 35; Order, Doc. 36), and he also repeatedly failed to respond to the Court's Orders, (Docs. 34, 36). And that all happened *after* the Magistrate Judge, out of an abundance of caution, ordered the Ohio Department of Rehabilitation and Correction (ODRC) to treat the Court's mail to Copeland as legal mail, (Doc. 31), and

2

directed the Clerk of Court to resend several documents to Copeland to ensure he had received them, (Doc. 32).

Still, in her December 17, 2024, Order, the Magistrate Judge, offered Copeland one last chance to comply, while also warning him of the consequences if he did not. (Doc. 36). Although finding that Copeland's "failures to respond to this Court's orders and Defendant's discovery requests constitutes a failure to prosecute this action that justifies its dismissal," she ordered Copeland "to provide written responses to Defendant's discovery requests and notify this Court in writing that he has done so, or else show cause, in writing, why this matter should not be dismissed." (*Id.* at #175). The Magistrate Judge then explicitly warned Copeland that if he failed to do so, she would recommend dismissal. (*Id.*).

Copeland did not comply. So now, as she said she would, the Magistrate Judge recommends dismissal for failure to prosecute. (Doc. 37, #179). The Magistrate Judge further recommends that this Court certify that any appeal of an order adopting that recommendation would not be taken in good faith. (*Id.* (citing 28 U.S.C. § 1915(a)(3))). Beyond recommending dismissal for failure to prosecute, the R&R also advised Copeland that failing to object within the 14 days the R&R specified could result in forfeiture of rights on appeal, which includes the right to district court review. (*See id.* #180); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that "fail[ure] to file an objection to the

3

magistrate judge's R & R ... is forfeiture" (emphasis omitted)); 28 U.S.C. § 636(b)(1)(C). Accordingly, Copeland needed to object to the R&R by February 18, 2025 (which reflects the extra three days Federal Rule of Civil Procedure 6(a) and (d) require given that February 17, 2025, was a federal holiday and that the Clerk served the R&R on Copeland by mail). The time for filing objections has passed and no party objected.

In the absence of objections, the Court reviews the R&R only for clear error. *Williams v. Parikh*, 708 F. Supp. 3d 1345, 1352 (S.D. Ohio 2023); *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). That said, Copeland is proceeding pro se. When it comes to pro se litigants, the Court construes their pleadings liberally and subjects them to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But even so, pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010).

With that in mind, the Court has reviewed the R&R and concludes that it does not contain any error, much less "clear error," Fed. R. Civ. P. 72(b) (advisory committee notes), in recommending dismissal for failure to prosecute. Federal Rule of Civil Procedure 41(b) allows the Court to "involuntarily dismiss an action if a

4

plaintiff fails to prosecute his case or to comply with a court order."[1] *Rogers v. City of Warren*, 302 F. App'x 371, 375 (6th Cir. 2008). When deciding whether to dismiss for failure to prosecute, courts weigh four factors: (1) the party's "willfulness, bad faith, or fault"; (2) prejudice to opposing parties; (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal"; and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

All four factors favor dismissal. First, as the Magistrate Judge noted, Copeland has not participated in this case since July 2024. (Doc. 37, #149). And he has repeatedly failed to respond to the Court, despite the Court giving him ample opportunities and ordering many documents to be resent to him. (*Id.*). The Court finds Copeland's unresponsiveness to be willful and his own fault. Second, Copeland's unresponsiveness and lack of participation in this action has likely prejudiced Defendant Kelly. *See Carpenter v. City of Flint*, 723 F.3d 700, 707 (6th Cir. 2013) ("A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is required to waste time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide." (cleaned up)). Kelly has, multiple times, sought discovery from Copeland only to have his time wasted. Third, the Magistrate Judge unequivocally warned Copeland about the consequences of his failure to cooperate—

---

[1] While the Magistrate Judge did not clarify that she was operating under Rule 41(b), the Court construes her R&R in this manner. Further, although Rule 41(b) provides for dismissal on a defendant's motion, "it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." *Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

5

multiple times. (Doc. 34, #171–72; Doc. 36, #175). Finally, the fourth factor is largely not relevant here because Copeland is proceeding pro se, so "lesser alternative sanctions, which might otherwise be available were an attorney not diligent in prosecuting his client's case, are unavailable here." *Isaac v. O.D.R.C. Adult Parole Auth.*, No. 1:23-cv-753, 2024 WL 1430826, at *3 (S.D. Ohio Apr. 3, 2024).

Taking the *Knoll* factors together, the Court agrees with the Magistrate Judge that dismissal is appropriate given Copeland's failure to prosecute. While the Magistrate Judge did not specify whether she recommends dismissal with or without prejudice, the Court will dismiss Copeland's case without prejudice, so that he may refile the action if he so chooses, *see id.* at *2 (quoting *Allen v. Hutchison*, No. 21-6020, 2022 WL 16859533, at *2 (6th Cir. Nov. 8, 2022)), although statute of limitations issues may come into play should he do so.

Separately, because Copeland is proceeding in forma pauperis (IFP), the Court must assess whether an appeal taken from this Order would be "in good faith." 28 U.S.C. § 1915(a)(3). For the reasons outlined above, "any appeal of this decision would not have an arguable basis either in law or in fact." *Johnson v. DeWine*, No. 1:22-cv-587, 2023 WL 6421286, at *3 (S.D. Ohio Oct. 3, 2023) (cleaned up). The Court therefore certifies that any appeal taken from this Order, IFP would not be in good faith.

For the reasons briefly discussed, the Court **ADOPTS** the R&R (Doc. 37) in full and **DISMISSES** this action **WITHOUT PREJUDICE**. The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket. Further,

6

the Court **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith and **DENIES** Copeland leave to appeal IFP.

    **SO ORDERED.**

March 3, 2025
**DATE**

                            **DOUGLAS R. COLE**
                            **UNITED STATES DISTRICT JUDGE**